UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

HENRY CARTER,                        :
     Plaintiff,                        :
                                      :
     v.                        :   Case No. 3:20-cv-312 (SRU)
                                        :
JANE DOE, et al.,                        :
     Defendants.                        :

**<u>INITIAL REVIEW ORDER</u>**

Henry Carter, currently confined at the MacDougall-Walker Correctional Institution ("MacDougall-Walker"), filed a complaint under 42 U.S.C. § 1983 against Correctional Officer Jane Doe, a driver for the Department of Correction's Central Transportation Unit ("CTU"), as well as two other unnamed correctional officers (collectively, "Defendants"), all in their individual capacities. He principally claims that Defendants violated the Eighth Amendment by leaving him confined in a van with no ventilation on August 20, 2019, and seeks nominal and punitive damages.

## I.      Standard of Review

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). Although detailed allegations are not required, the complaint must include enough facts to afford the defendants fair notice of the claims and the grounds upon which they are based. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555–56 (2007). In addition, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570.  Conclusory allegations will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude afforded to *pro se* litigants).

## II.     Facts[1]

On August 20, 2019, a correctional officer (hereinafter, "Jane Doe Correctional Officer 1") arrived at MacDougall-Walker in a transport van to pick up and drive inmates to other prison facilities within Connecticut and, in particular, to drive Carter to Cheshire Correctional Institution ("CCI").  *See* Compl., Doc. No. 1, at 2 ¶ 7.  The weather was hot enough to compel Jane Doe Correctional Officer 1 to turn on the air conditioner in the van as she drove to and from each prison location.  *See id.* at ¶ 9.

Jane Doe Correctional Officer 1 first stopped at Hartford Correctional Center ("HCC") to pick up at least one other prisoner.  *See id.* at ¶ 10.  Before they drove into HCC's sally port, Carter asked Jane Doe Correctional Officer 1 whether he and the other inmates in the van would be going inside HCC, to which she responded in the negative.  *See id.* at ¶ 11.  Carter then asked Jane Doe Correctional Officer 1 to roll down the van's windows so that they could get some air.  *See id.* at ¶ 12.  She did not respond.  *Id.*

---

[1] The facts are drawn from the complaint, and for purposes of the present motion I assume them to be true and draw all reasonable inferences in Carter's favor.  *See Ashcroft,* 556 U.S. at 678–79.

Once they entered the sally port, Jane Doe Correctional Officer 1 turned off, exited, and locked the van, and proceeded to enter the facility. *Id.* at ¶¶ 12–13. The windows were left closed. *Se id.* at ¶ 13. As Jane Doe Correctional Officer 1 walked away, Carter began to experience a panic attack, but was ultimately able to calm himself down using breathing techniques. *See id.* at ¶¶ 14–17. Carter's mental health records reflect that he has previously experienced panic attacks and that one of his triggers is being confined in a hot, enclosed prison van. *See id.* at ¶ 15. Neither Carter nor the other prisoners were able to open the van's windows because they were shackled and handcuffed with a tether chain around their waists and because there was a wire mesh cage over the windows. *See id.* at ¶ 16.

No employee at HCC checked on Carter or the other inmates in the van while it was parked in the sally port. *See id.* at ¶ 19. In particular, a correctional officer (hereinafter, "John Doe Correctional Officer 2") was monitoring HCC's sally port via video at the time and yet failed to take any actions to remedy the situation. *See id.* at ¶¶ 5, 35.

Jane Doe Correctional Officer 1 later returned to the van and drove to New Haven Correctional Center ("NHCC"). *Id.* at ¶¶ 18–20. Upon arrival at the sally port at NHCC, Carter asked Jane Doe Correctional Officer 1 once more to leave the windows open if she did not intend to remove him or the other inmates from the van; she again did not respond. *See id.* at ¶ 21. Jane Doe Correctional Officer 1 then escorted at least one inmate off the van and into NHCC, leaving the van turned off with the windows closed. *See id.* at ¶ 22.

As Jane Doe Correctional Officer 1 walked away, Carter began to experience another panic attack. *See id.* at ¶ 23. A correctional officer (hereinafter, "John Doe Correctional Officer

3") was monitoring the sally port at NHCC via video at the time and failed to take any action to remedy the situation. *See id.* at ¶¶ 6, 35.

Carter arrived at CCI later that day and filed an inmate request form complaining of the foregoing incidents. *See id.* at ¶ 24. Two days later, on August 22, 2019, a mental health provider at CCI counseled Carter. *Id.* Carter also filed a grievance as well as an appeal, neither of which received responses. *See id.* at ¶¶ 25–27. He submitted a complaint to Commissioner Cook as well, and Deputy Warden Roger Bowles responded that the issue "was reviewed and addressed." *Id.* at ¶¶ 30–31.

## III. Discussion

### A. Eighth Amendment Claim

In his complaint, Carter raises an Eighth Amendment claim against Jane Doe Correctional Officer 1, John Doe Correctional Officer 2, and John Doe Correctional Officer 3. He first contends that Jane Doe Correctional Officer 1 was deliberately indifferent to his safety and health by leaving him in the van with the windows rolled up as she stopped at HCC and NHCC. *See id.* at ¶ 33. He further contends that John Doe Correctional Officer 2 and John Doe Correctional Officer 3 were deliberately indifferent when they observed Jane Doe Correctional Officer 1's actions and yet did not attempt to remedy the situation. *See id.* at ¶¶ 34–35.

Although the Constitution does not require "comfortable" prison conditions, the Eighth Amendment bars prison officials from maintaining conditions that inflict "unnecessary and wanton" pain or that result in the "serious deprivation of basic human needs . . . or the minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 346–47, 349 (1981). To state an Eighth Amendment claim for deliberate indifference to health or safety, an

incarcerated plaintiff must demonstrate both an objective and a subjective element.  To meet the objective element, the prisoner must allege that he or she was incarcerated under conditions that resulted in a "sufficiently serious" deprivation of a life necessity or basic human need, or under conditions that posed "a substantial risk of serious harm" to his or her health or safety.  *See Harmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347.  The Supreme Court has identified the following as basic human needs or life necessities:  food, clothing, shelter, medical care, warmth, reasonable safety, sanitary living conditions, and exercise.  *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989); *Rhodes,* 452 U.S. at 348.  As the Second Circuit has instructed, district courts must evaluate the severity and duration of the challenged condition(s) on a case-by-case basis when evaluating whether constitutional liability exists.  *See Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015).

To meet the subjective element, a prisoner must allege that the defendants possessed culpable intent—that is, that they knew that he or she faced a substantial risk to his or her health or safety and disregarded that risk.  *See Farmer*, 511 U.S. at 834, 837.  Thus, an allegation of "mere negligen[t]" conduct is insufficient.  *Id.* at 835.  The subjective element instead requires that an inmate demonstrate that the defendants acted with "a mental state equivalent to subjective recklessness, as the term is used in criminal law."  *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006).

As relevant here, courts have held that inadequate ventilation and exposure to extreme temperatures for a prolonged period of time may constitute objectively serious deprivations under the Eighth Amendment.  *See, e.g., Walker v. Schult*, 717 F.3d 119, 126 (2d Cir. 2013)

5

(concluding that a prisoner stated a viable Eighth Amendment claim when he alleged, among

other things, that he was "confined in a cell with five other men" with "inadequate space and

ventilation" and "stifling heat in the summer and freezing cold in the winter" for approximately

twenty-eight months); *Grullon v. City of New Haven*, 720 F.3d 133, 142 (2d Cir. 2013)

("allegations of deliberate indifference to serious threats to the well-being or safety of a person in

custody, such as unhealthy extremes in temperature . . . have been held sufficient to withstand a

motion to dismiss for failure to state a claim on which relief can be granted") (citing *Gaston v.*

*Coughlin,* 249 F.3d 156, 165–66 (2d Cir. 2001) (involving, *inter alia*, exposure to "temperatures

near or well below freezing" for five months)); *Wingate v. Robert N. Davoren Center,* 2013 WL

4856573, at *1, *3–4 (S.D.N.Y. Sept. 10, 2013) (holding that a detainee stated a cognizable

Fourteenth Amendment claim when he allegedly endured week-long exposure to 90-

degree temperatures in a cell with a window that did not open, which resulted in "fainting spells,

dizzy spells, and trouble breathing").

        Unlike the foregoing cases, Carter's complaint is bereft of any details regarding the

temperature inside of the prison van.  Instead, the complaint merely alleges that the "weather was

hot enough that the air condition had to be put on."  *See* Compl., Doc. No. 1., at ¶ 9.  Although

Carter alleges that he experienced difficulty breathing while in the van, the complaint provides

that such difficulty was a product of Carter's anxiety attack rather than the temperature inside the

vehicle.

        Nor has Carter alleged facts to suggest that he was subjected to hot temperatures or

deprived of ventilation for an excessive period of time.  The complaint only suggests that he was

confined in a van for less than one day; there are no allegations that shed any further light on

how long he was confined inside the van without ventilation at either NHCC or HCC.  *See Hamilton v. Westchester Cty.*, 2020 WL 917214, at *6-7 (S.D.N.Y. Feb. 25, 2020) (dismissing a complaint that alleged, *inter alia*, exposure to "hot, humid conditions" and "lack of ventilation" in a prison cell when the complaint did not include "any additional information as to the duration of the conditions").

For those reasons, even when construing the complaint liberally in light of Carter's *pro se* status and drawing all reasonable inferences in his favor, the complaint has not stated a cognizable Eighth Amendment claim against any of the defendants.  Accordingly, the Eighth Amendment claim is **dismissed without prejudice** under 28 U.S.C. § 1915A(b)(1).

### B.  Motion for Appointment of Counsel

Carter has also filed a motion for appointment of counsel.  Mot., Doc. No. 4.  Because I am unable to determine whether Carter's claims are "likely to be of substance," *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986), the motion is **denied without prejudice.**

## IV.   Conclusion

**It is hereby ordered that:**

**(1)**      The Eighth Amendment deliberate indifference to health and safety claims asserted is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1).

**(2)**      Because I cannot rule out the possibility that Carter can allege facts to state a plausible Eighth Amendment deliberate indifference to health and safety claims against either defendant, I will permit him thirty (30) days to file an amended complaint to correct the deficiencies outlined above.  Carter must attempt to identify the Doe defendants by their first and

last names because the Clerk will require this information to serve any amended complaint on those defendants.  If Carter chooses not to file an amended complaint within the time specified, the court will direct the Clerk to enter judgment and close the case.

(3)     The Clerk is directed to send a copy of the complaint (doc. no. 1) and a copy of this order to Carter, the Connecticut Attorney General, and the Department of Correction Legal Affairs Unit.

It is so ordered.

Dated at Bridgeport, Connecticut, this 19th day of October 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

8